IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CABO UNITED LLC, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:23-CV-03641 |
| MEENA R. PATEL, VIJAY BHASKAR | § | |
| ATTI, ISHAAN AGGARWAL, | § | |
| KOTESWAR RAO GAJAVELLI, AND | § | |
| SHEFALI AGGARWAL | § | |
| *Defendants*. | § | |

## DEFENDANT KOTESWAR RAO GAJAVELLI'S ANSWER TO ORIGINAL COMPLAINT

Defendant Koteswar Rao Gajavelli ("Defendant") files this Original Answer to the Plaintiff's Original Complaint ("Complaint") filed by Cabo United LLC ("Plaintiff").

## I.    ANSWER

Defendant responds to the individually enumerated paragraphs of Plaintiff's Complaint as follows:

## I.    "SUMMARY"

1.      Defendant admits that this lawsuit is one to recover amounts due on a commercial loan and guaranty. Defendant admits that he was one of five guarantors. Except as otherwise admitted, Defendant denies the factual allegations in paragraph 1 of the Complaint.

2.      Defendant admits that Original Lender held back $6.5 million for property improvements. Defendant admits that Original Lender disbursed $500,000 immediately. Defendant denies that Cabo Houston Borrower DE LLC ("Borrower") ran the Property into the ground. Except as otherwise admitted or denied, Defendant denies the factual allegations in paragraph 2 of the Complaint

3.      Defendant admits that the City of Houston issued violations related to the

habitability of the multi-family apartment complex called Cabo San Lucas Apartments and located at 9220 Nathaniel Street, Houston, Texas 77075 (the "Property"). Defendant denies that the allegations contained in paragraph 3 caused the occupancy at the Property to drop. Except as otherwise specifically admitted or denied, Defendant does not have sufficient information to either admit or deny the rest of the allegations contained in paragraph 3. Therefore, they are denied.

4.      Defendant admits that a prior lawsuit was filed related to the appointment of a receiver. Except as otherwise admitted, Defendant denies the factual allegations in paragraph 4 of the Complaint.

5.      Defendant denies that Borrower and its property manager allowed Westward to supply materials to the Property before the loan was originated. Except as otherwise denied, Defendant does not have sufficient information to either admit or deny the rest of the allegations contained in paragraph 5. Therefore, they are denied.

6.      To the extent that paragraph 6 contains factual allegations against Defendant, Defendant denies the allegations contained in paragraph 6 of the Complaint.

7.      To the extent that paragraph 7 contains factual allegations against Defendant, Defendant denies the allegations contained in paragraph 7 of the Complaint.

8.      Paragraph 8 contains a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies any allegations made in paragraph 8.

## II.      "JURISDICTION AND VENUE"

9.      Paragraph 9 contains a conclusion of law to which no response is required.

10.      Defendant admits that the Property is located in the Southern District of Texas. Defendant admits that he is not a resident of the Southern District of Texas. All other allegations in paragraph 10 are conclusions of law to which no response is required. To the extent a response

is required, and unless otherwise admitted, Defendant denies the allegations of paragraph 10.

11.     Paragraph 11 contains a conclusion of law to which no response is required.

## III.     "PARTIES"

12.     Defendant does not have sufficient information to either admit or deny the allegations contained in paragraph 12. Therefore, they are denied.

13.     Defendant does not have sufficient information to either admit or deny the allegations contained in paragraph 13. Therefore, they are denied.

14.     Defendant does not have sufficient information to either admit or deny the allegations contained in paragraph 14. Therefore, they are denied.

15.     Defendant does not have sufficient information to either admit or deny the allegations contained in paragraph 15. Therefore, they are denied.

16.     Defendant admits the allegations contained in paragraph 16.

17.     Defendant does not have sufficient information to either admit or deny the allegations contained in paragraph 17. Therefore, they are denied.

18.     Paragraph 18 contains a conclusion of law to which no response is required.

## IV.     "BACKGROUND FACTS"

"A.     The Commercial Loan"

19.     Defendant admits the allegations contained in paragraph 19.

20.     Defendant admits the allegations contained in paragraph 20.

21.     Defendant admits the allegations contained in paragraph 21.

22.     Defendant admits the allegations contained in paragraph 22.

23.     Paragraph 23 contains the details of a defined term within the Complaint, to which no response is required.

24.     Defendant does not have sufficient information to either admit or deny the

allegations contained in paragraph 24. Therefore, they are denied.

**"B.      Borrower Flagrantly Mismanaged the Property"**

25.     Defendant admits the allegations contained in paragraph 25.

26.     Defendant admits that he received the second notice of violations. Defendant denies that he participated in the audit. Except as otherwise admitted or denied, Defendant does not have sufficient information to either admit or deny the allegations contained in paragraph 26. Therefore, they are denied.

27.     Defendant does not have sufficient information to either admit or deny the allegations contained in paragraph 27. Therefore, they are denied.

**"C.      Claims by Westward and Other Vendors"**

28.     Defendant denies the factual allegations in paragraph 28.

29.     Defendant denies that Borrower authorized Westward to purchase materials for the Property and to deliver those materials to the Property prior to the loan closing. Except as otherwise denied, Defendant admits the factual allegations in paragraph 29.

30.     Defendant admits the factual allegations in paragraph 30.

31.     Defendant does not have sufficient information to either admit or deny the allegations contained in paragraph 31. Therefore, they are denied.

32.     Defendant denies that Borrower did nothing to resolve Westward's claim. Defendant admits that he never authorized Westward to purchase or deliver materials to the Property prior to the loan origination. Except as otherwise admitted or denied, Defendant does not have sufficient information to either admit or deny the allegations contained in paragraph 32. Therefore, they are denied.

33.     Defendant does not have sufficient information to either admit or deny the allegations contained in paragraph 33. Therefore, they are denied.

**"D.     Guarantors' Recourse Liability"**

34.     Paragraph 34 contains a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 34.

35.     Defendant admits the allegations contained in paragraph 35.

36.     Defendant denies the allegations contained in paragraph 36.

37.     Defendant denies the allegations contained in paragraph 37.

38.     Defendant denies that he authorized Westward to purchase or deliver materials to the Property prior to the loan origination. Defendant further denies that Borrower made any representations related to Westward's actions. Except as otherwise denied, Defendant does not have sufficient information to either admit or deny the rest of the allegations contained in paragraph 38. Therefore, they are denied.

39.     Paragraph 39 contains a conclusion of law and/or attorney argument to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 39.

## V.     "CAUSES OF ACTION AND REMEDIES"

**"A.     Breach of Contract"**

40.     Paragraph 40 contains a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 40.

41.     Paragraph 41 contains a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 41.

**"B.     Fraud"**

42.     Paragraph 42 contains a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 42.

43.     Paragraph 43 contains a conclusion of law to which no response is required. To

the extent a response is required, Defendant denies the allegations contained in paragraph 43.

**"C.    Attorney's Fees"**

44.    Paragraph 44 contains a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 44.

45.    Defendant denies that Plaintiff is entitled to attorney's fees as stated in paragraph 45.

## VI.    "CONDITIONS PRECEDENT"

46.    Defendant denies the allegations contained in paragraph 46.

## VII.    "PRAYER FOR RELIEF"

47.    Defendant denies that Plaintiff is entitled to the relief requested in paragraph 47.

48.    Defendant denies that Plaintiff is entitled to the relief requested in paragraph 48.

## II.    AFFIRMATIVE DEFENSES

### First Affirmative Defense

49.    Defendant asserts that Plaintiffs claims are barred to the extent that Plaintiff failed to mitigate its damages.

### Second Affirmative Defense

50.    Defendant asserts that the damages sought by Plaintiff are a result of its own act or omissions.

### Third Affirmative Defense

51.    Defendant asserts that Plaintiff's claims are limited by the express terms of the Guaranty to the extent that no event triggered the full recourse provision of the Guaranty.

### Fourth Affirmative Defense

52.     Defendant asserts that Plaintiff's claims are barred in whole or in part to the extent that Defendant is entitled to receive a credit and/or offset constituting the fair market price of the Property.

Fifth Affirmative Defense

53.     Defendant is entitled to a setoff for any amount collected from the Borrower or the other guarantors/defendants toward the claims raised in this lawsuit.

Sixth Affirmative Defense

54.     Defendant's liability is limited to the extent he is entitled to seek contribution or indemnity from the other guarantors/defendants.

**REQUEST FOR RELIEF**

Defendant Koteswar Rao Gajavelli respectfully requests that the Court enter a take nothing judgment on Plaintiff's claims against him and that he be awarded his attorney's fees and court costs, and all other relief to which he may be entitled.

Respectfully submitted,

**WINSTEAD PC**

By: */s/ Toby M. Galloway*
    Toby M. Galloway
    State Bar No. 00790733
    SDTX ID No. 18947
    tgalloway@winstead.com
    Kyle Markwardt
    State Bar No. 24125312
    SDTX Bar No. 3843117
    kmarkwardt@winstead.com
    300 Throckmorton Street, Suite 1700
    Fort Worth, Texas 76102
    Telephone No.: (817) 420-8200
    Facsimile No.: (817) 420-8201

**ATTORNEYS FOR DEFENDANT
KOTESWAR RAO GAJAVELLI**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing instrument was served on all counsel of record through the Court's CM/ECF system on the 5th day of January, 2024.

*/s/ Toby M. Galloway*
Toby M. Galloway