**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **CABO UNITED, LLC** § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | CIVIL ACTION NO. 4:23-cv-03641 |
| § | |
| **MENNA R. PATEL, VIJAY BHASKAR** § | |
| **ATTI, ISHAAN AGGARWAL, KOTESWAR** § | |
| **ROA GAJAVELLI, AND SHEFALI** § | |
| **AGGARWAL** § | |
| § | |
| *Defendants.* § | |

## DEFENDANT MENNA R. PATEL'S AMENDED ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT AND CROSSCLAIM

### AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's claims are barred in whole or in part by fraud as Defendant was fraudulently induced into entering the Guaranty Agreement.

2. Plaintiff has failed to mitigate its damages.

3. Plaintiff's claims are barred in whole or in part by unilateral mistake of fact as Defendant was mistaken due to borrower's false statements that induced Defendant into entering the Guaranty Agreement.

4. Plaintiff's claims are limited by the express limits on the scope of the Guaranty as there are no events that trigger the full recourse provisions of the Guaranty.

5. Plaintiff's damages are limited in whole or i part as Defendant is entitled to receive a fair market price credit for the property at issue.

6. Plaintiff's claims are barred in whole or in part because Plaintiff and Borrower failed to timely notify Defendant of adverse facts at the outset of the transaction that would materially increase the guarantor's risk beyond that which the guarantor reasonably assumed.

7. Plaintiff claims are barred in whole or in part because the Borrower did not breach the loan agreement, commit fraud against the Lender, and is and was not insolvent.

## ANSWER

8. To the extent further answer to Plaintiff's factual allegations is necessary, Defendant would show as follows:

9. Under Rule 8(b) of the Federal Rules of Civil Procedure, the Defendant denies each and every factual allegation contained within Plaintiff's Original Complaint except those expressly admitted herein.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶¶ 1-5.

11. Defendant denies the allegations in ¶¶ 6-8.

12. Defendant admits that the controversy as to the rights to be declared are greater than $75,000, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶¶ 9-10.

13. Defendant admits that venue in the Southern District of Texas is proper as to Patel, but otherwise denies the allegations in ¶ 11.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 12.

15. Defendant admits that Meena R. Patel resides at 83 Beckwith Place, Rutherford, New Jersey 07070, that she is a citizen of New Jersey for purposes of diversity jurisdiction, and that she may be served at that address, or wherever she may be found, but otherwise denies the allegations in ¶ 13.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶¶ 14-17

17. Defendant admits that Meena R. Patel is a citizen of New Jersey for purposes of diversity jurisdiction but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 17.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶¶ 19-20

19. Defendant admits that Patel executed a Guaranty, but otherwise denies the allegations in ¶ 21.

20. Defendant admits that Patel's Guaranty contains terms that reference "Full Recourse Events", but otherwise denies the allegations in ¶ 22.

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶¶ 23-33.

22. Defendant admits that Patel executed a Guaranty which terms provided for Patel to be held personally liable under the Guaranty if certain events occurred, but otherwise denies the allegations in ¶ 34.

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 35.

24. Defendant denies the allegations in ¶¶ 36-48.

## CROSSCLAIM AGAINST KOTESWAR ROA GAJAVELLI AND OTHER UNKNOWN DEFENDANTS THAT PARTICIPATED IN HIS SCHEME

25. Cross-Plaintiff is Meena Patel

26. Cross-Defendant is Co-Defendant Koteswar Rao Gajavelli ("Gajavelli") and any other unknown Defendant who participated or aided or abetted in Gajavelli's scheme.

27. This Court has jurisdiction over this crossclaim.

28. Cross-Plaintiff brings this crossclaim against Gajavelli and any other unknown Defendant who participated or aided or abetted in Gajavelli's scheme based on Federal Rule of Civil Procedure 13(g) because the crossclaim is based upon and arise out the same of the same transaction or occurrence as set forth in Plaintiff's Complaint.

29. Cross-Plaintiff would show that Gajavelli, and possibly other unknown Defendants, absconded with monies invested into this multi-family housing project thus causing Defendants to default on the loan. Gajavelli, and to the extent any unknown Defendants aided or abetted or participated in his scheme, alone should be liable to Plaintiff on this debt, or at the very least, be liable to Patel for any damages she sustains, including liability to Plaintiff as alleged against Patel in the Complaint. Cross-Defendant Gajavelli, and possibly other unknown Defendants are liable to Patel for fraud and misappropriation of funds invested into the property and/or aiding or abetting said fraud and misappropriation.

30. Defendants had 4 partners in the Cabo project with Gajavelli as major partnership equity with 70%, Vijay Atti 15%, Shan & Shefali 10% and Patel 5% approximately.

31. Gajavelli (and possibly in conspiring with others), never let Defendants help on the property for any management or development by hiding the reality and keeping the Defendants constantly in the dark.

32. In January of 2023, according to Co-Defendant Atti, Atti came to know about the loan shortfall, and attempted to raise close to $1 million more out of which Gajavelli took close to $600,000 to his personal account.

33. Gajavelli mismanaged the property as well as the funds and has (possibly along with other unknown defendants) been completely responsible for the Cabo failure. This was an intentional act, which at bottom, tortiously interfered with the ability to perform under the loan agreement documents. Indeed, Gajavelli (and possibly in conspiring with others), intentionally and tortiously took funds away so that borrower would default, and thereby cause Patel and others to be liable for the loan.

34. In the unlikely event liability is found on Cross-Plaintiff, Gajavelli and any unknown defendants who aided, abetted, or participated in Gajavelli's scheme should be liable to Patel, including for contribution and indemnity. In addition, Gajavelli and any unknown defendants who aided, abetted, or participated in Gajavelli's scheme are liable to Patel for fraud and misappropriation of funds, and for tortious interference with the loan agreements.

**PRAYER**

Defendant prays that she be released, discharged, and acquitted of all charges and allegations filed against her, that judgment be rendered and declared in her favor, either prior to or at the conclusion of a trial of this matter, that Plaintiff take nothing by reason of this suit, and that Defendant recovers all costs of court, as well as all other such relief to which she is justly entitled

at law and in equity. Moreover, Defendant/ Cross-Plaintiff Patel respectfully asks this Court that she prevail on her crossclaim against Gajavelli and any unknown defendants who aided, abetted, or participated in Gajavelli's scheme and for all further relief to which Defendant/ Cross-Plaintiff may be entitled whether at law or equity.

DATED: May 17, 2024

        Respectfully submitted,

        **ARCHER & GREINER, PC**

        By: */s/ Brian M. Gargano*
            Brian M. Gargano (Attorney-in-Charge)
            Federal Bar No. 3082070
            bgargano@archerlaw.com
            3040 Post Oak Blvd, Suite 1800-150
            Houston, Texas 77056
            Telephone: (713) 970-1066
            Fax: (713) 580-9518

        *Counsel for Defendants Meena R. Patel*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that in accordance with the Federal and Local rules the foregoing document is being filed on this 17th day of May 2024 via the Court's CM/ECF filing system, which will serve a copy electronically on all counsel of record.

        */s/ Brian M. Gargano*
        Brian M. Gargano

228026450 v1