IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CABO UNITED LLC, | § | |
| | § | |
|    PLAINTIFF, | § | |
| | § | |
| v. | § | |
| | § | |
| MEENA R. PATEL, VIJAY BHASKAR | § | CIVIL ACTION NO. 4:23-cv-03641 |
| ATTI, ISHAAN AGGARWAL, | § | |
| KOTESWAR RAO GAJAVELLI, AND | § | |
| SHEFALI AGGARWAL | § | |
| | § | |
|    DEFENDANTS. | § | |

**PLAINTIFF'S MOTION TO REINSTATE CASE FOR ENTRY OF AGREED JUDGMENT**

Plaintiff Cabo United LLC ("**Lender**") files this Motion to Reinstate the above-captioned case so that the Court may enter an Agreed Judgment against Defendant Koteswar Rao Gajavelli ("**Gajavelli**"), and shows as follows:

1. Lender filed this lawsuit on September 27, 2023 to recover amounts that five (5) Defendants guaranteed on a commercial loan with an original principal balance of $65,200,000. (Dkt. No. 1.) Lender asserted claims for breach of contract and fraud. Lender settled with four (4) of the Defendants on or about August 9, 2024. (*See* **Ex. 3** at ¶ 2.) After those four Defendants fulfilled their settlement obligations, Lender dismissed all claims against them with prejudice to re-filing. (*Id.*; Dkt. No. 40.)

2. On January 16, 2025, Lender entered into a settlement agreement with Gajavelli, the lone remaining Defendant (the "**Gajavelli Settlement Agreement**"). (*See* **Ex. 1**.) The Gajavelli Settlement Agreement required Gajavelli to make monthly settlement payments to Lender beginning on April 1, 2025, as follows:

> 2. **One-Time Payment by Guarantor to Lender.** On or before April 1, 2025, Guarantor shall pay $10,000 USD to Lender via the wiring instructions included as **Exhibit 1** to this Settlement Agreement.
>
> 3. **Monthly Payments by Guarantor to Lender.** Guarantor shall pay $5,000 USD to Lender by the wiring instructions on **Exhibit 1** on or before May 1, 2025. Thereafter, Guarantor shall pay $5,000 USD to Lender via wire on or before the first business day of each month, for the next forty-seven (47) consecutive months, beginning on June 2, 2025, with the final monthly payment due on April 2, 2029.

(*See* **Ex. 1**.)

3. In connection with the Gajavelli Settlement Agreement, Gajavelli and Lender executed an Agreed Judgment, whereby the Court would award Lender $2,000,000 from Gajavelli, with post-judgment interest accruing at 8.5% per annum. (*See* **Ex. 2**.) Pursuant to the Gajavelli Settlement Agreement, Lender could submit the Agreed Judgment for entry upon a default by Gajavelli on the Gajavelli Settlement Agreement:

> 4. **Agreed Judgment.** On or before the Effective Date, Guarantor shall execute the Agreed Judgment attached to this Settlement Agreement as **Exhibit 2**, which is in the amount of $2,000,000 USD, plus interests as stated in the judgment. Lender shall not submit the Agreed Judgment for entry unless Guarantor defaults under this Settlement Agreement, including any failure to timely and fully make any payment obligation stated in Sections 2 or 3 of this Settlement Agreement. Guarantor agrees that he is obligated to pay the amount of the Agreed Judgment immediately upon a default under this Settlement Agreement. The Parties further agree that if the Lawsuit is dismissed for any reason prior to Lender submitting the Agreed Judgment for Entry, then Lender may adjust the Agreed Judgment as necessary in order to submit the Agreed Judgment for entry in a newly-filed lawsuit, subject to the terms of this Settlement Agreement.

(*See* **Ex. 1**.)

4. Shortly after executing the Gajavelli Settlement Agreement, Lender's counsel notified the Court of the settlement. (*See* **Ex. 3** at ¶ 5.) A few days later, the Court entered an Order of Dismissal, whereby the Court dismissed the case "without prejudice to the right of counsel to move for reinstatement within 90 days on presentation of adequate proof that the settlement could not be consummated." (Dkt. No. 46.)

5. Gajavelli did not make the required first payment on April 1, 2025. (*See* **Ex. 3** at ¶ 6.) Consequently, Lender's counsel sent Gajavelli a Notice of Default whereby Lender notified

Gajavelli that (i) he had defaulted on the Gajavelli Settlement Agreement; and (ii) Lender intended to exercise its remedies under the Gajavelli Settlement Agreement, including submission of the Agreed Judgment for entry.  (*See* **Ex. 4**.)  Gajavelli has made no effort to pay any required amounts or otherwise attempt to cure his default.  (*See* **Ex. 3** at ¶ 6.)

6. Because Gajavelli breached the Gajavelli Settlement Agreement, Lender requests that the Court reinstate this case and enter the Agreed Judgment pursuant to the terms of the agreement between Gajavelli and Lender.  Lender does not anticipate activity in the case apart from post-judgment collection efforts.

FOR ALL THESE REASONS, Lender requests that the Court reinstate this case and enter the Agreed Judgment, and grant Lender any and all additional relief to which it is entitled.

Respectfully submitted,

By: _____

Christopher L. Chauvin
Texas Bar No. 24045644
S.D. Tex. Bar No. 917854
chris.chauvin@hklaw.com
Alexander T. Dimock
Texas Bar No. 24094628
S.D. Tex. Bar No. 3114132
alex.dimock@hklaw.com

**HOLLAND & KNIGHT LLP**
1722 Routh Street, Suite 1500
Dallas, Texas 75201
(214) 969-1662

**ATTORNEYS FOR PLAINTIFF**

CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2025, a true and correct copy of this document was served on Defendants' counsel in accordance with the Federal Rules of Civil Procedure

_____
Christopher L. Chauvin